[No. 14341. In Bank. — July 15, 1891.]

## In the Matter of HERMAN and ROBERT SIERING, Insolvents.

Appeal — Dismissal — Insufficient Transcript — Insolvency — Claims of Creditors — Settlement of Account of Assignee — Stipulated Judgment.— Upon an appeal, by parties claiming to be creditors of an insolvent partnership, from a judgment settling the final account of the assignee of the insolvents, where there is nothing in the record to show that the appellants ever filed any claim against the insolvents, and the judgment recites that all the creditors of the insolvents who had filed claims, and the assignee, appeared at the hearing and mutually agreed upon an adjustment and settlement of all matters of difference between them, the appeal will be dismissed.

Id. — Filing Claims after Judgment — Right of Appeal — Contents of Record — Affidavit.— If the appellants, subsequent to the entry of the judgment, filed their claims, and thereby acquired the right to move to set aside the judgment or to appeal therefrom, the facts should appear in the record, and cannot be shown by affidavit in the appellate court.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The appeal is from a decree settling the final account of Frank Locan, as assignee of the insolvent partners, Herman Siering and Robert Siering, doing business under the firm name of H. Siering & Co. The appellants describe themselves as creditors of the insolvents. Further facts are stated in the opinion of the court.

*M. J. Platshek,* and *R. Percy Wright,* for Appellants.

*Naphtaly, Freidenrich & Ackerman, J. R. Brandon,* and *Marcus Rosenthal,* for Respondent.

Paterson, J. — There is nothing in the transcript to show that the appellants ever filed any claim against the insolvent debtors. The judgment recites that all the creditors of the insolvents who had filed claims, and the assignee, appeared at the hearing of the contest, and mutually agreed upon an adjustment and settlement of all matters of difference between them. If the appellants

afterwards, by filing claims, acquired the right to move to set aside the judgment or to appeal therefrom, the record should show the facts. What occurred in the court below, subsequent to the entry of the judgment, should appear in the record. It cannot be shown by affidavit in the first instance in this court.

The appeal is dismissed.

McFarland, J., Harrison, J., Garoutte, J., Sharpstein, J., De Haven, J., and Beatty, C. J., concurred.

Rehearing denied.